# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| ELIZABETH RIVERA VAZQUEZ<br><br>Plaintiff<br><br>v.<br><br>TRANSUNION LLC.;<br>COOPERATIVA DE AHORRO Y CRÉDITO LAS PIEDRAS<br><br>Defendants | Civil No. 22-cv-1614<br><br>VIOLATION OF THE FAIR CREDIT REPORTING ACT; WILLFUL VIOLATIONS OF THE DISCHARGE INJUNCTION; ACTUAL AND PUNITIVE DAMAGES |

## CLASS ACTION COMPLAINT

**COMES NOW,** Plaintiff, Elizabeth Rivera Vazquez, on behalf of herself and, pursuant to Rule 23 of the Federal Rules of Civil Procedure, all others similarly situated through the undersigned counsel, and before this Honorable Court respectfully **STATES, ALLEGES**, and **PRAYS** as follows:

### I.   JURISDICTION AND VENUE

1. Jurisdiction is invoked under the provision 28 U.S.C. §1331 and 15 U.S.C. § 1681p.

2. Venue is proper in this District because all the events and omissions giving rise to the claims asserted in the Complaint occurred within this judicial district. In addition, Defendant is domiciled in this District and does business in this District.

### THE PARTIES

3. Plaintiff, **Elizabeth Rivera Vazquez**, is a citizen of the Commonwealth of Puerto Rico, residing in the municipality of Carolina, Puerto Rico (hereinafter "Plaintiffs"). Plaintiff is a "consumer" as such term is defined by the FCRA. In addition, Plaintiff was formerly a Debtor in a Chapter 7 filed and administered in this District. According, Plaintiff has standing to appear as **"Plaintiff"** with respect to violations of the Fair Credit Reporting Act and/or the Bankruptcy Code.

1

4. Defendant, **TRANSUNION, LLC.** (hereinafter referred to as "Transunion"), one of the country's three largest consumer reporting agencies, as such term is defined under the FCRA, is a Delaware corporation domiciled in Chicago. Its headquarters and principal place of business is located at 555 West Adams Street Sixth Floor Chicago, IL 60661-3614. Transunion is a consumer reporting agency subject to the Fair Credit Reporting Act, 15 U.S.C. § 1681 et seq. ("FCRA") with standing to sue and be sued.

5. Defendant, **Cooperativa de Ahorro y Credito las Piedras** (hereinafter referred to as "Cooperativa") is a credit union organized under the laws of the Commonwealth of Puerto Rico with standing to sue and be sued. Cooperativa was a scheduled creditor in Plaintiff's chapter 7 bankruptcy case, duly notified, pursuant to applicable bankruptcy law, of all proceedings in that case. Cooperativa committed and/or participated in acts against Plaintiff in violation of, amongst others, the FCRA and the Discharge Order under Section 524 of the Bankruptcy Code implemented by the Honorable Bankruptcy Court's Discharge Order; therefore, Cooperativa is responsible for the acts and damages discussed in this Complaint.

6. Defendant, **INSURANCE COMPANIES ABC**, (hereinafter, "INSURANCE COMPANIES ABC), are the insurance companies of the Defendant Cooperative and/or of Defendant TransUnion in this adversary proceeding who are liable for the acts against Plaintiff in violation of the Fair Credit Reporting Act and/or of the Discharge Injunction provisions of the Bankruptcy Code and are therefore responsible for the damages and acts alleged in this Complaint.

7. Defendant, **JOHN DOE AND JANE DOE,** are fictitious names for unknown persons who participated in the acts and omissions against Plaintiff in violation of the Fair Credit Reporting Act, the Bankruptcy Code, the Orders of the Bankruptcy Court, and/or who are successors of either Defendant, all responsible for the damages suffered by the Plaintiff.

## II.     THE FACTS

8.     Plaintiff re-alleges each and every previous allegation as if fully established herein.

9.     On or about February 5, 2015, Plaintiff entered into a consumer credit transaction with Cooperativa (hereinafter referred as the "Consumer Debt" and/or the "Loan"). The Consumer Debt was assigned a loan number ending in #3282.

10.    On July 20, 2018, due to on-going financial difficulties, Plaintiff sought and obtained bankruptcy protection under Chapter 7 of the United States Bankruptcy Code.

11.    The bankruptcy case was catalogued as Case #18-04126 filed in the United States Bankruptcy Court for the District of Puerto Rico and presided over by the Honorable Brian K. Tester (hereinafter referred as the "Bankruptcy Case").

12.    Cooperativa and the alleged Consumer Debt were scheduled in the Plaintiff's Bankruptcy Case. Specifically, the Consumer Debt was included in Schedule E/F and Cooperativa was listed as a creditor holding a pre-petition claim against the Plaintiff. *See*, Dk. #1 on the Bankruptcy Case.

13.    On July 25, 2018, the Clerk of the Bankruptcy Court filed a Certificate of Notice in the Bankruptcy Case; the Certificate of Notice evidenced that Cooperativa was served with a copy of the Notice of Chapter 13 Bankruptcy Case. *See,* Dk. #8 Certificate of Notice, Bankruptcy Case.

14.    On September 13, 2018, Cooperativa filed a bankruptcy proof of claim that represented its alleged claim as to the Consumer Debt. *See*, Proof of Claim #3 on Bankruptcy Case. Specifically, in representation of the Consumer Debt, Proof of Claim #3 claimed an unsecured amount of $2,383.71. *See*, Proof of Claim #3, Bankruptcy Case.

15.    As of no later than September 13, 2018, Cooperativa had constructive and actual knowledge of the Bankruptcy Case.

16. After all due procedural events, on October 22, 2018, the Honorable Bankruptcy Court entered a Discharge Order in the Bankruptcy Case (hereinafter referred as the "Discharge Order"). *See*, Dk. #17 on Bankruptcy Case.

17. A Certificate of Service, listing Cooperativa amongst the creditors who received notice of the Discharge Order, was filed by the Clerk of Court on October 24, 2018. *See*, Dk. #20 on Bankruptcy Case.

18. As of no later than October 24, 2018, Cooperativa had constructive and actual knowledge of the Discharge Order in the Bankruptcy Case.

19. At no time during the pendency of the Chapter 13 case did Cooperativa file any proceedings to declare the Consumer Debt "non dischargeable" pursuant to 11 U.S.C. § 523 *et seq*.

20. The Consumer Debt was discharged by and through the Discharge Order entered in the Bankruptcy Case.

21. After receiving the Discharge Order, Plaintiff has not incurred in any new debt with Cooperativa.

22. Notwithstanding having actual and constructive knowledge of the Discharge Order, Cooperativa has continued with collection efforts against the Plaintiff including, but not limited to: (a) furnishing false and inaccurate information to consumer reporting agencies as to the Consumer Debt; and (b) refusing to correct the information furnished at to the Consumer Debt to consumer reporting agencies after Plaintiff's Notice of Dispute.

23. For example, on February 15, 2022, Plaintiff obtained his consumer credit report from TransUnion (hereinafter referred as the "Report"). The Report contained, amongst others, the following inaccurate information: (a) that Plaintiff continued to owe over $2,700 on the

4

Consumer Debt, (b) the status of the Consumer Debt was reported as "Charge-off; " (c) the Consumer Debt was reported with an open Balance of $2,706; (d) the Consumer Debt was reported with a Past Due amount of $2,706; and (e) the Consumer Debt was reported with a monthly payment of $300.

24. Cooperativa's false and inaccurate reporting of the Consumer Debt to consumr reporting agencies was intended to coerce and harass Plaintiff onto making payments on the Consumer Debt, which was now a discharged debt.

25. On March 2, 2022, Plaintiff sent a verified Dispute Letter to TransUnion requesting from Transunion to reinvestigate the Consumer Debt with Cooperativa and to have the reporting of the Consumer Debt corrected and/or removed from Plaintiff's credit file.

26. TransUnion, in violation of the FCRA, failed to conduct a reasonable reinvestigation in response to the Plaintiff's Dispute.

27. Cooperativa, in violation of the FCRA, failed to correct or delete the inaccurate information being furnished to Transunion in response to the Plaintiff's Dispute.

28. As a result of TranUnion's and Cooperativa's non-compliance with the FCRA, information regarding the Consumer Debt continues to be incorrectly published to third parties via Plaintiff's credit file; these acts continue to negatively impact Plaintiff's credit score and credit reputation.

### III. COUNT I- ACTION FOR VIOLATIONS OF 15 U.S.C. § 1681s-2(b)- AGAINST COOPERATIVA

29. Plaintiff re-alleges each and every previous allegation as if fully established herein.

30. Section 1681s2(b)(1)(A), in its pertinent part, states:

(b) Duties of **furnishers** of information upon notice of dispute

5

> (1) In general. After receiving notice pursuant to section 1681i(a)(2) of this title of a dispute with regard to the completeness or accuracy of any information provided by a person to a consumer reporting agency, the person shall—
>
> (A) conduct an investigation with respect to the disputed information;
>
> (B) review all relevant information provided by the consumer reporting agency pursuant to section 1681i(a)(2) of this title;
>
> (C) report the results of the investigation to the consumer reporting agency;
>
> (D) if the investigation finds that the information is incomplete or inaccurate, report those results to all other consumer reporting agencies to which the person furnished the information and that compile and maintain files on consumers on a nationwide basis; and
>
> (E) if an item of information disputed by a consumer is found to be inaccurate or incomplete or cannot be verified after any reinvestigation under paragraph (1), for purposes of reporting to a consumer reporting agency only, as appropriate, based on the results of the reinvestigation promptly—
>
> (i) modify that item of information;
> (ii) delete that item of information; or
> (iii) permanently block the reporting of that item of information.

31. The FCRA prohibits furnishers from reporting incorrect or inaccurate information to consumer reporting agencies where the furnisher knows or has a reasonable cause to believe the information being reported is inaccurate.

32. Cooperativa, a furnisher of information, reported and continues to report incorrect and inaccurate information about Plaintiff – a consumer – to Transunion.  This, while Cooperativa knows or has reasonable cause to believe that the information it is reporting about the Plaintiff is incorrect and inaccurate.

33. On March 2, 2022 Plaintiff disputed the credit information being furnished by Cooperativa relating to the Bankruptcy Debt pursuant to 15 U.S.C. § 1681i(a)(2) by filing a Notice of Dispute with TransUnion.

34. Upon information and belief, Transunion notified Cooperativa and Cooperative received notice of Plaintiff's Notice of Dispute pursuant to Section 1681s2(b)(1)(A).

35. Pursuant to 15 U.SC. § 1681s-2(b)(1)(A), (B) and (D), Cooperativa was required to: conduct an investigation with respect to the disputed information; and (b) review all relevant information provided by the consumer, and (c) if the information being reported is incomplete or inaccurate, report those results to the credit reporting agencies.

36. Because the information being furnished by Cooperativa to TransUnion, that the Consumer Debt was still due and owing, was inaccurate information, Cooperativa was required to inform such information to TranUnion and modify or delete the information pursuant to 15 U.SC. §1681s-2(b)(1)(D) and (E).

37. Cooperativa refused to conduct an investigation with respect to the disputed information in compliance with §1681s-2(b)(1)(A).

38. Cooperative refused to review all relevant information provided by Plaintiff in compliance with §1681s-2(b)(1)(B).

39. Cooperative refused to report the results of its investigation in compliance with §1681s-2(b)(1)(D).

40. Cooperative refused to modify or the delete the incomplete or inaccurate information in compliance with §1681s-2(b)(1)(E).

41. On or about June 14, 2022, or more than 30-days after the March 2, 2022 Notice of Dispute, Plaintiff requested again a copy of his Transunion credit report. The June 14, 2022 credit report confirmed that Cooperativa continued to report the Consumer Debt with a balance of $2,706; Amount Past Due of $2,706, Schedule Payment of $300, and a Status of "Charge-off".

42. Cooperativa violated 15 U.S.C. § 1681s-2(b) because: (a) it failed to conduct an investigation, (b) it failed to review all relevant information provided by the Plaintiff, (c) it failed to inform to the consumer reporting agencies of the results of its investigation, and/or modify or delete the incomplete or inaccurate information related to the Consumer Debt.

43. To this date, the Consumer Debt continues to be reported on Plaintiff's credit reports with a balance, allegedly due and owing, of approximately $2,700.

44. Cooperativa's actions were willful under 15 U.S.C. § 1681n because despite being aware of its obligation under the FCRA and being aware that the information being furnished was inaccurate, Cooperative failed to conduct a reasonable investigation, review all relevant information, and delete or modify the inaccurate information.

45. Cooperativa's actions were intentional and for the purpose of coercing the Plaintiff into making payments on the Consumer Debt, after the Consumer Debt had been discharged in the Bankruptcy Case.

46. The foregoing acts and omissions constitute numerous and multiple willful, reckless, or negligent violations of the FCRA, including but not limited to each one of the above-cited provisions of the FCRA, 15 U.S.C. §1681.

47. As a direct and proximate result of Cooperativa's willful violation of the FCRA, Plaintiff are entitled to actual damages as the Court may allow pursuant to 15 U.S.C. § 1681n(a)(1); statutory damages pursuant to 15 U.S.C. § 1681n(a)(1); punitive damages as the Court may allow pursuant to 15 U.S.C. § 1681n(a)(2); and reasonable attorney's fees and costs pursuant to 15 U.S.C. § 1681n(a)(3) from Defendant.

48. Alternatively, as a direct and proximate result of Cooperativa's negligent noncompliance of the FCRA, Plaintiff are entitled to actual damages as the Court may allow

pursuant to 15 U.S.C. § 1681o(a)(1); and reasonable attorney's fees and costs pursuant to 15 U.S.C. § 1681o(a)(2) from Defendant.

### IV. COUNT II - ACTION FOR VIOLATIONS OF 15 U.S.C. § 1681b - AGAINST COOPERATIVA

49. Plaintiff re-alleges each and every previous allegation as if fully established herein.

50. Under the Fair Credit Reporting Act, 15 U.S.C. § 1681b et seq., a "person shall not use or obtain a consumer report for any purposes unless …

> (1) the consumer report is obtained for a purpose for which the consumer report is authorized to be furnished under this section; and
>
> (2) the purpose is certified in accordance with section 1681e of this title by a prospective user of the report through a general or specific certification."

*See*, 15 U.S.C. § 1681b.

51. Cooperativa is a "person" as such term is defined under the FCRA.

52. On March 16, 2022, Plaintiff discovered that Cooperative had, without authorization and/or a permissible purpose, requested a copy of Plaintiff's credit report for account review purposes through TransUnion.

53. Specifically, Cooperativa submitted inquiries and/or pulled Plaintiff's credit report for the purpose of collection or account review on February 9, 2021 and March 9, 2022.

54. Under 15 U.S.C. § 1681b(f), a person is prohibited from obtaining a credit report on a consumer unless the person has a permissible purpose for procuring the report and certifies that purpose to the consumer reporting agency.

55. Neither on February 9, 2021 nor on March 9, 2022 did Cooperativa have a permissible purpose for the use or for access to Plaintiff's consumer reports.

56. Neither on February 9, 2021 nor in March 9, 2022 did Cooperativa have Plaintiff's consent or authorization to access or pull her credit report.

57. Cooperativa's inquiry of Plaintiff's consumer report information for the purpose of collection or account review, without Plaintiff's consent and after the Bankruptcy Account had been discharged in Bankruptcy, falls outside the scope of any permissible use or access included in 15 U.S.C. § 1681b.

58. At no point between February 9, 2021 through March 9, 2022 did Plaintiff have an account or business transaction with Cooperativa.

59. Therefore, Cooperativa had no permissible purpose, or authorization, to request Plaintiff's credit report.

60. Cooperativa's actions violated both 15 U.S.C. § 1681q and 15 U.S.C. § 1681b by obtaining a consumer report without a permissible purpose and without authorization from Plaintiff.

61. Defendant's actions were willful under 15 U.S.C. §§ 1681n because Cooperativa was aware of the Bankruptcy Discharge Order, yet knowingly or recklessly, pulled Plaintiff's credit reports.

62. In the alternative, Cooperativa's actions were negligent under 15 U.S.C. §§ 1681o because Cooperativa knew or should have known of the Bankruptcy Discharge Order yet was negligent in how it handled the information and proceeded to obtain Plaintiff's credit reports.

63. The foregoing acts and omissions, amongst others, violate 15 U.S.C. §1681s-2.

64. As a direct and proximate result of Cooperativa's willful or negligent violation of the FCRA, Plaintiff's has suffered actual and imminent harm.

65. For example, because of Cooperativa's violation of the FCRA, as described above, the Plaintiff's credit scores and credit rating are significantly lower. In other words, if all other factors in the Plaintiff credit report were held constant, but for Cooperativa's unauthorized inquiries into Plaintiff's credit history, Plaintiff would have a significantly higher credit score and credit rating, saving the Plaintiff tens of thousands of dollars in related credit transactions.

66. Similarly, because of Cooperativa's violation of the FCRA, as described above, the Plaintiff was disturbed by Defendant's action in obtaining, without consent or knowledge, his personal information, such as his current and past addresses, date of birth, employment history, and telephone numbers among other information.

67. Plaintiff is entitled to actual damages as the Court may allow pursuant to 15 U.S.C. § 1681n(a); statutory damages pursuant to 15 U.S.C. § 1681n(a)(1); punitive damages as the Court may allow pursuant to 15 U.S.C. § 1681n(a)(2); and reasonable attorney's fees and costs pursuant to 15 U.S.C. § 1681n(a)(3) from Defendants.

68. Alternatively, as a direct and proximate result of Cooperativa's negligent noncompliance of the FCRA, Plaintiff is entitled to actual damages as the Court may allow pursuant to 15 U.S.C. § 1681o(a)(1); and reasonable attorney's fees and costs pursuant to 15 U.S.C. § 1681o(a)(2) from Defendants.

**V.    COUNT III- TRANSUNION'S VIOLATIONS OF 15 U.S.C. § 1681i(a)**

69. The First Circuit Court has stated that "[I]f a consumer disputes the accuracy or completeness of any item contained in his or her consumer report, 15 U.S.C. § 1681i(a) requires consumer reporting agencies to 'conduct a reasonable reinvestigation to determine whether the disputed information is inaccurate.'" *See*, Deandrade v. Trans Union LLC, 523 F.3d 61 (1st Cir. 2008).

70. Specifically, 15 U.S.C. § 1681i(a) states, in relevant part:

. Reinvestigations of disputed information

(1) Reinvestigation required. —

> In general. — Subject to subsection (f) of this section, if the completeness or accuracy of any item of information contained in a consumer's file at a consumer reporting agency is disputed by the consumer and the consumer notifies the agency directly, or indirectly through a reseller, of such dispute, the agency shall, free of charge, **conduct a reasonable reinvestigation to determine whether the disputed information is inaccurate** and record the current status of the disputed information, or delete the item from the file in accordance with paragraph (5), before the end of the 30-day period beginning on the date on which the agency receives the notice of the dispute from the consumer or reseller.
> …

(5) Treatment of Inaccurate Or Unverifiable Information

. (A) In general

If, after any reinvestigation under paragraph (1) of any information disputed by a consumer, an item of the information is found to be inaccurate or incomplete or cannot be verified, the consumer reporting agency shall—

(i) promptly delete that item of information from the file of the consumer, or modify that item of information, as appropriate, based on the results of the reinvestigation; and

(ii) promptly notify the furnisher of that information that the information has been modified or deleted from the file of the consumer.

*See,* 15 U.S.C. § 1681i(a).

71. On February 15, 2022 the Plaintiff requested a copy of her credit report through TransUnion. Per the information reported by Defendant TransUnion, the information furnished by Defendant Cooperativa, related to the Consumer Debt in the February 15, 2022, was inaccurate.

72. Amongst others, the inaccurate information furnished by Defendant Cooperativa and reported by Defendant TransUnion, as to the Consumer Debt, incorrectly informed: (a) that the account had a balance of $2,706 as of January 2022; (b) that the account was past due by $2,706

as of January 2022; (c) that the account had a monthly payment of $300 per month as of January 2022; (d) that the account status was a "charge-off."

73. On March 2, 2022, Plaintiff disputed the information in his credit file as to the Consumer Debt directly with TransUnion. Specifically, Plaintiff submitted a written dispute that alleged that the information in her credit file, as to the Consumer Debt, was inaccurate and requested that inaccurate information be corrected or deleted.

74. In the written dispute, Plaintiff specifically stated the reasons why the information being reported in her credit file was inaccurate.

75. TransUnion was required to review all relevant information provided by the consumer, including information that the Consumer Debt was discharged by the Order of Discharge in the Bankruptcy Case, pursuant to 15 U.S.C. § 1681i(a).

76. More than 30-days lapsed, and TransUnion failed to conduct a reasonable investigation pursuant to 15 U.S.C. § 1681i(a)(1)(A).

77. More than 30-days lapsed, and TransUnion failed to promptly delete the inaccurate information and/or modify the item of information pursuant to 15 U.S.C. § 1681i(a)(5).

78. On June 14, 2022, or more than 30 days after the Plaintiff's March 2, 2022 Notice of Dispute, Plaintiff requested another copy of her TransUnion Credit Report.

79. Notwithstanding the Notice of Dispute, TransUnion continued to report inaccurate credit information, as to the Consume Debt, which included: (a) that the account had a balance of $2,706 as of January 2022; (b) that the account was past due by $2,706 as of January 2022; (c) that the account had a monthly payment of $300 per month as of January 2022; (d) that the account status was a "charge-off."

13

80. After the March 2, 2022 Notice of Dispute, but prior to June 14, 2022, TransUnion published the inaccurate credit information to at least the following creditors: (a) Capital One, on June 11, 2022; (b) SYNCB/SYNCB, on May 26, 2022, and (c) JCPenney, on May 19, 2022.

81. As a result of TransUnion's violation of the FCRA, Plaintiff credit scores were lower, Plaintiff's credit reputation was damage, and Plaintiff became the victim of libel by being exposed to false and inaccurate information that was published to third parties.

82. As a direct and proximate result of TransUnion's willful violation of the FCRA, Plaintiff is entitled to actual damages as the Court may allow pursuant to 15 U.S.C. § 1681n(a)(1); statutory damages pursuant to 15 U.S.C. § 1681n(a)(1); punitive damages as the Court may allow pursuant to 15 U.S.C. § 1681n(a)(2); and reasonable attorney's fees and costs pursuant to 15 U.S.C. § 1681n(a)(3) from Transunion.

83. Alternatively, as a direct and proximate result of Cooperativa's negligent noncompliance of the FCRA, Plaintiff are entitled to actual damages as the Court may allow pursuant to 15 U.S.C. § 1681o(a)(1); and reasonable attorney's fees and costs pursuant to 15 U.S.C. § 1681o(a)(2) from Transunion.

### VI. COUNT IV - WILLFUL VIOLATIONS OF THE DISCHARGE INJUNCTION – AGAINST COOPERATIVA

84. Plaintiff re-allege each and every previous allegation as if fully established herein.

85. Section 524(a)(2) of the United States Bankruptcy Code provides that:

> [A discharge in a case under this title—] operates as an injunction against the commencement or continuation of an action, the employment of process, or an act, to collect, recover or offset any such debt as a personal liability of the debtor, whether or not discharge of such debt is waived.

86. The Bankruptcy Courts have held that:

> [A] credit report that continues to show a discharged debt as "outstanding," "charged off," or **"past due"** is unquestionably

> inaccurate and misleading, because end users will construe it to mean that the lender still has the ability to enforce the debt personally against the debtor, that is, that the debtor has not received a discharge, that she has reaffirmed the debt notwithstanding the discharge, or that the debt has been declared nondischargeable.[1]
>
> [a] credit report that continues to show an amount past due, especially one that was prepared only after the discharge order, is inaccurate and misleading in a way that causes real harm, and that alone can constitute a violation of a discharge order.[2]

87. In Taggart v. Lorenzen, the Supreme Court ruled that "a court may hold a creditor in civil contempt for violating a discharge order if there is not a fair ground of doubt as to whether the creditor's conduct might be lawful under the discharge order". Taggart v. Lorenzen, 139 S. Ct. 1795 (2019).

88. Pursuant to the Discharge Order, there is "no fair ground of doubt" that the Consumer Debt, listed on the bankruptcy schedules, was discharged on October 22, 2018 and thereafter not enforceable against the Plaintiff.

89. Notwithstanding actual notice of the Discharge Order, the Defendant has acted in defiance of the Discharge Order by continuing its collection efforts against Plaintiff for the Consumer Debt.

90. As recently as of June 14, 2022, Defendant Cooperativa has continued to harass and coerce Plaintiff onto making payments on the discharged debt, by and through furnishing inaccurate credit information to third parties, including consumer reporting agencies, that Plaintiff still owes money on the Consumer Debt.

91. Cooperativa's: (a) incorrect reporting of the Consumer Debt, and (b) failure to correct the reported information related to the Consumer Debt after Plaintiff filed a Notice of

---

[1] See, In re DiBattista, 615 B.R. at 43, 2020 (quoting In re Torres, 367 B.R. at 487–88, 2007)
[2] Id. at 43(emphasis added)

Dispute as to the same, was intentional and intended to coerce and harass Plaintiff onto making payment on the discharged debt.

92. Defendant's actions, by any objective standard, had a coercive effect on the Plaintiff that, but for the intervention and advice of counsel, would coerce the Plaintiff into paying the Consumer Debt to stop the continuing loss of credit reputation, financial character defamation, amongst others.

93. Cooperativa's affirmative act of continuing to report the Consumer Debt for more than four (4) years the Discharge Orders has had a direct impact on the Plaintiff credit worthiness and prospects of obtaining credit.

94. Because Cooperativa had actual and constructive knowledge of the Bankruptcy Case, because Cooperativa had actual and constructive knowledge of the Discharge Order, Cooperativa acted in defiance with premeditation, willfulness, and malice with respect to the Discharge Order.

95. These acts, after the Discharge Order was issued, constitute an outrageous disregard to Plaintiff's "fresh start;" which is the basic promise of the Bankruptcy Code to an honest but unfortunate Debtor who achieves a discharge under the provisions of the Bankruptcy Code.

96. Defendant's conduct in this case has caused Plaintiff severe damages.

97. As a result of the actions perpetrated by Cooperativa, Plaintiff has suffered damages in the form of tension, headaches, anxiety, upset stomach, severe emotional distress, mental anguish, monetary losses resulting from Plaintiff's tarnished credit reputation and the deliberate disruption of Plaintiff's financial rehabilitation efforts.

98. To carry out the Bankruptcy Code's policies and maintain its integrity, the Honorable Court must impose actual damages, punitive damages and legal fees against

Cooperativa pursuant to Section 105 of the Bankruptcy Code for Cooperativas's violations of Section 524.

99. Therefore, Plaintiff is entitled to compensatory damages in the amount of no less than **$50,000.00** for actual damages, including, but not limited to, economic, emotional and physical damages.

100. Cooperativa's intentional and deliberate actions are in reckless disregard of the Honorable Court's Orders, namely the Discharge Order, for which punitive damages in the amount of no less than **$50,000.00** should be awarded to Plaintiff.

101. In addition, Plaintiff is entitled to attorney fees and expenses.

## VII.   CLASS ALLEGATION AS TO COUNT IV - AGAINST COOPERATIVA

102. Plaintiff re-alleges each previous allegation as if fully established herein.

103. Plaintiff brings Count IV on behalf of herself and on behalf of a class of all other people similarly situated pursuant to Fed. R. Civ. P. 23.

104. The Class consists of: (a) all natural persons; (b) who filed a bankruptcy case in the Bankruptcy Court for the District of Puerto Rico in the last five (5) years; (c) which listed a pre-petition debt owed to Cooperativa; (d) of which case Cooperative received notice, (e) where a Discharge Oder was entered, and (f) in which Cooperativa has continued to collect on the discharged debt by continuing to report such debt, post-discharge, as owed to credit reporting agencies.

105. This action has been brought as a class action pursuant to the provisions of Rule 23 of the Federal Rules of Civil Procedure and as such complies with the following:

    i. The class members are so numerous that joinder is impracticable;

    ii.     On information and belief, based on preliminary discovery, there are more than 200 members of the class as defined herein;

    iii.    There are questions of law and fact common to all class members, which predominate over any question that affects only individual class members. The predominant questions are:

        1. Whether Cooperativa's conduct, as described herein, violated the Discharge Injunction pursuant to 11 U.S.C. § 524(a); and

        2. The liability of Cooperativa for the alleged violations of the Discharge Injunction described herein.

    iv.    Plaintiff's claims are typical of the claims of the class members. All are based on the same factual and legal theories.

    v.     Plaintiff will fairly and adequately represent and protect the interests of each class member. The interest of the Plaintiff is not adverse to nor is in conflict with the interest of other members of the class. Plaintiff has retained counsel experienced in consumer credit and debt collection abuse cases.

    vi.    A class action is superior to other alternative methods of adjudicating this dispute, in that:

        1. Individual cases are not economically feasible, and

        2. Many consumers may not realize their rights are being violated.

**WHEREFORE**, in view of the foregoing, Plaintiff respectfully requests from this Honorable Court to enter a Judgment in Plaintiff's favor, granting Plaintiff the remedies requested in this Complaint and such other remedies as may be fair and equitable.

**RESPECTFULLY SUBMITTED.**

In San Juan, Puerto Rico this 8th of December of 2022.

> **THE BATISTA LAW GROUP, PSC.**
> P.O. Box 191059
> San Juan, PR. 00919
> Telephone: (787) 620-2856
> Facsimile: (787) 777-1589
>
> /s/ Jesus E. Batista Sánchez
> Jesus E. Batista Sánchez, Esq.
> USDC-PR No. 227014
> E-mail: jeb@batistasanchez.com